---

(46 Misc. Rep. 219.)

### In re SCHABACKER.

(Surrogate's Court, Erie County. January, 1905.)

1. EXECUTORS AND ADMINISTRATORS—SALE OF REALTY—PAYMENT OF LEGACIES.

Where a will provides for the payment of pecuniary legacies, on the termination of a life estate, out of the proceeds of a sale of the real and personal property, a reasonable time will be allowed for the conversion of the assets into a fund for the payment of such legacies.

2. SAME—RIGHTS OF LEGATEES—INTEREST.

Testator devised certain real estate, on the death of the life tenant, to an executor, in trust to sell and divide the proceeds among certain legatees. *Held,* that they were only entitled to the interest from the sale of the property two years from the death of the life tenant.

3. EQUITABLE CONVERSION.

Where an executor is directed after the death of a life tenant to sell the real estate and divide the proceeds thereof, the doctrine of equitable conversion at the death of the testator will not be applied, where there is no claim that the trustee refused to act or had not acted in good faith.

In the matter of accounting of Peter H. Schabacker, executor of Susanna Mehl. Decree rendered.

Strebel, Corey & Wierling, for executor.

George H. Kennedy, for Kate Spriesch, Louise Lehmann, Minnie Moest, Anna Anderson, Philip Mehl, John Mehl, Ida C. Moest, as administratrix, etc., of Henry Moest, Jr., next of kin and legatees.

MARCUS, S. By the will of the decedent she gave certain real estate to her husband, to be used and enjoyed by him during the term of his natural life; and from and immediately after his decease she gave and devised the same property to her son-in-law, who was named as executor in her will, in trust, however, and with power to sell and convey the same and divide the proceeds thereof among certain legatees, and that after the legacies were paid, if anything was left out of the proceeds of the house and lands in question, it was to be paid to the decedent's daughter.

The testatrix died in the latter part of the year 1898. The will was probated in November of the same year, and the life tenant, who was the husband of the testatrix, died on the 1st of October, 1902. The sale of the lands and premises mentioned in the will was had on the 1st of October, 1904. The trustee executor, after such sale, immediately offered to pay the legacies as directed by the will, but the legatees, with one exception, refused to receive them, for the reason that no interest was added to the legacies from October 1, 1902, that date being the date of death of the life tenant. On October 20, 1904, the trustee executor filed his account for judicial settlement, and the claim is made before the court that the legacies should be paid with interest from the date of death of the life tenant, and this is the only question to be determined.

All the legacies mentioned were to be paid out of the proceeds of the sale of real property by the trustee, as mentioned in the will, since after the death of the life tenant the will gives and devises the real property mentioned to the son-in-law of the testatrix in trust, and "with power to sell and convey the same and divide the proceeds thereof." The time for the conversion of the property has therefore been left indefinite by the will, and no particular time specified for the performance of the trust. It therefore seems that it was within the contemplation of the testatrix that the property must be sold, and that it was out of the moneys derived from such sale that the legacies were to be paid (and in fact no other assets existed), and, since no time was specified for the performance of the trust, a reasonable time, of course, would be allowed.

There is nothing in this case which shows that the sale was unduly postponed. The theory upon which interest is allowed by law on general legacies is because of the deprivation of the same beyond a period when it is payable, either by the terms of the will or the time fixed by statute. It follows, therefore, that interest is payable from the time when a legacy ought to be paid to the time when actual payment is made, and that time is one year after the issue of letters, unless the will appoints and fixes a different time. The testator may upon proper directions annex interest on the principal from any point of time he desires, but, in the absence of such direction, the rule is as stated. No question is raised as to the

trustee arbitrarily or capriciously refusing to sell the real estate; but it is urged that since the power of sale is given for the purpose of paying the legacies, equity will regard the land as actually converted, and therefore interest attaches to the legacy, the same as though the property had actually been sold immediately upon the death of the testator. The rule ought not to be applied to this case, since to "divide the proceeds thereof" must mean an actual sale, and the fiction of equitable conversion ought not to apply, particularly in view of the absence of any claim that the trustee refused to sell or his good faith questioned.

When pecuniary legacies are payable after the intervention of a life estate out of the proceeds of the sale of real and personal property, the law does not require a sale instanter, but a reasonable time will be allowed for the conversion of assets into a fund from which to pay, and interest will not be given until the sale, since the legacies suffer no deprivation or damage, which is the basic principle upon which interest is allowed; nor can interest be demanded until interest is payable, which, in this case, would be after the sale of the real property, since the funds for the payment of the legacies were to be derived from the sale of lands, and in no other manner.

Decreed accordingly.

(46. Misc. Rep. 222.)